The Honorable Neely Cassady State Senator P.O. Box 1810 Nashville, AR 71852
Dear Senator Cassady:
This is in response to your request for an opinion on several questions concerning a particular Arkansas nonprofit corporation. According to the facts outlined in correspondence attached to your request, the "Patmos Community Center," a tax-exempt nonprofit corporation, sold its community center to the Patmos Volunteer Fire Department for $10.00. It is also stated that the Center's nonprofit board has been applying for and receiving state funds for the purpose of repairing the structure, with the board stating that they are with "the City of Patmos."
The following questions have been presented in this regard:
 Can the community center be sold? If it can, the rest is a moot point. If it cannot, what, specifically is the law in this case? Now that the center has been sold, can public funds be obtained under the name `City of Patmos' and be used to repair a roof on the community center, which is not affiliated with the City of Patmos?
With regard to the authority to sell the Community Center, my research indicates that this may involve a question of fact which cannot be resolved in the context of an opinion. I lack the resources and the authority to undertake a factual review of the circumstances surrounding the sale. As a general matter, the powers vested in corporations organized under the Arkansas Nonprofit Corporation Act (A.C.A. §§ 4-28-201 to -206 and4-28-209 to -233 (Repl. 1991)[1] include the power "[t]o sell, convey, mortgage, pledge, lease, exchange, transfer, and otherwise dispose of all or any part of its property and assets." A.C.A. § 4-28-209(4). The Arkansas Supreme Court has stated the following with regard to this provision:
 The above [statute] gave the governing body of said Corporation the authority to sell and convey the real estate of the Corporation in the ordinary course of its business, but it did not give it authority to sell and exchange all of the assets of said Corporation without first obtaining the approval of the members of said Corporation.
 Giss v. Apple, 239 Ark. 1124, 1131, 396 S.W.2d 813
(1965).
The court in Giss also cited the following from Corpus Juris Secundum:
 The Corporate Directors or trustees have no power to sell or otherwise dispose of the entire corporate property, unless the power to do so is conferred on the Directors by the charter or governing statute, in express language or by necessary implication; or unless the stockholders authorized them to do so, or consent thereto, or unless the Corporation is in failing circumstances or insolvent and it is necessary to do this in order to raise money to pay the debts of the Corporation. 19 C.J.S. Corporations, page 536.
 239 Ark. at 1130.
It thus appears that all of the circumstances surrounding the sale must be considered, including the voting procedures in light of any applicable articles of incorporation or by-laws. A question may also arise concerning the effect of the sale. If the sale has the effect of dissolving the corporation and abandoning the enterprise for which it was created, an argument may exist that the sale is unauthorized. See generally Giss, supra
(holding that the sale in that instance furthered the object and purposes of the nonprofit corporation); A.C.A. § 4-28-207 (Repl. 1991) (governing disposition of assets upon dissolution "exclusively for the purposes of the corporation. . . .") Again, however, this requires a factual determination that is not within the scope of an Attorney General opinion.
Regarding the receipt of state funds under the name "City of Patmos," the factual nature of this question also precludes a conclusive response. I cannot act as a factfinder in determining whether the Community Center has unlawfully obtained the funds. This will require reference to all of the surrounding facts and circumstances, including the specific authority under which the funds were granted or obtained, and any applicable requirements or criteria for the grant. The state entity that is awarding the funds should be made aware of the apparent discrepancies. I lack sufficient information, however, to fully address the matter.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] Reference should be made to the Arkansas Nonprofit Corporation Act of 1993 (A.C.A. §§ 4-33-101 et seq. (Supp. 1993)) if the corporation was incorporated on or after January 1, 1994), or if it has elected to be governed by that act. See
A.C.A. § 4-33-1701 (Supp. 1993).